**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald W. Parillo, | No. CV-10-343-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Paul Schoof, | |
| Defendant. | |

Pending before the Court is the Motion to Dismiss (Dkt. # 10) for lack of personal jurisdiction filed by Defendant Officer Paul Schoof ("Officer Schoof"). For the reasons set forth below, the Court dismisses this case without prejudice.

## BACKGROUND

This matter arises out of a November 2008 traffic stop in Trail Creek, Indiana. (Dkt. # 1.) According to Plaintiff Donald W. Parillo (Mr. Parillo)[1], he was traveling through Trail Creek when Officer Schoof pulled him over and threatened to give him a warning for failure to signal a right turn. (*Id.* at 3.) When Mr. Parillo indicated that no warning was necessary, Officer Schoof allegedly became angry, ordered Mr. Parillo out of his vehicle and then proceeded to "slap," "hit," and "physically assault" Mr. Parillo. (*Id.* at 4.) Officer Schoof then arrested Mr. Parillo, subjected him to a breath and field sobriety test, and charged him

---

[1] At times in the Complaint, Plaintiff spells his name Parrillo. The Complaint's caption, however, spells his last name as Parillo; accordingly, the Court has used that spelling throughout this Order.

with driving while intoxicated. (*Id.*) Mr. Parillo further alleges that he suffered a heart attack due to the violation of his civil rights. (*Id.* at 7.)

On February 18, 2010, Mr. Parillo filed a *pro se* Complaint against Officer Schoof alleging six causes of action: (1) denial of due process of law: (2) denial of equal protection of the law; (3) denial of life, liberty, and pursuit of happiness; (4) and violation of his civil rights pursuant to 42 U.S.C. § 1983. (Dkt. # 1 at 6–7.) Officer Schoof now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## LEGAL STANDARD

When the parties dispute whether personal jurisdiction over an out-of-state defendant is proper, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props. Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). This is so, even though the defendant is the moving party on a 12(b)(2) motion. *Id.* In the absence of an evidentiary hearing, however, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, ___ F.3d ___, 2010 WL 2135302, at *2 (9th Cir. 2010) (*citing Pebble Beach Co. v. Caddy,* 453 F.3d 1151 (9th Cir. 2002)). In considering the motion, a court may "assume the truth of allegations in a pleading" to the extent that such allegations are not "contradicted by affidavit." *See Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (*citing Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)); *see also Rio Props.*, 284 F.3d at 1019 (observing that only "uncontroverted allegations in [the] complaint must be taken as true"). Where there are "conflicts between the facts contained in the parties' affidavits," depositions, and other filings, those conflicts "must be resolved in [the plaintiff's] favor." *Am. Tel & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (internal quotations omitted). In cases where a plaintiff survives the motion to dismiss under a prima facie burden of proof, the plaintiff still must prove the jurisdictional facts by a preponderance of the evidence at a preliminary hearing or at trial. *Data Disc*, 557 F.2d at 1285 n. 2.

To establish that personal jurisdiction over a defendant is proper, the plaintiff must

1 demonstrate that (1) the state's long arm statute confers jurisdiction over that defendant; and (2) that "the exercise of jurisdiction comports with the constitutional principles of Due Process." *See Rio Props.*, 284 F.3d at 1019 (citation omitted). Because Arizona's long-arm statute extends jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States," the Court's personal jurisdiction inquiry largely collapses into an analysis of Due Process. *See* Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *Williams v. Lakeview Co.*, 199 Ariz. 1, 5, 13 P.3d 280, 282 (2000).

## DISCUSSION

### I. The Court Lacks Personal Jurisdiction Over Officer Schoof.

Under the Due Process Clause, a defendant must have sufficient "minimum contacts" with the forum state so that subjecting the defendant to its jurisdiction will not "offend traditional conceptions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Under this standard, "the defendant's conduct and connection with the forum State [must be] such that he [or she] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 (1980). In accord with the Due Process Clause, the "minimum contacts" standard may be satisfied in two ways. First, a court may exercise general jurisdiction when the defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Second, a court may exercise specific jurisdiction if a defendant "has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985) (internal quotation omitted). "In addition to establishing the requisite contacts, the assertion of jurisdiction must be found reasonable." *In re Phenylpropanolamine Prods. Liab. Litig.*, 344 F. Supp.2d 686, 690 (W.D. Wash. 2003).

#### A. Officer Schoof Is Not Subject to General Jurisdiction in Arizona.

A court may assert general jurisdiction over a defendant if the defendant's activities in the state are substantial or continuous and systematic, even if the cause of action is

unrelated to those activities. *Helicopteros*, 466 U.S. at 415; *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986)); *Data Disc*, 557 F.2d at 1287 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446-47 (1952)).

Mr. Parillo has not asserted any facts even remotely suggesting that Officer Schoof is subject to general jurisdiction in Arizona. Rather, the record indicates that Officer. Schoof's only contact with Arizona occurred when he drove through the state in 1979. This brief contact is insufficient to constitute continuous or systematic contacts as required by *Helicopteros*, 466 U.S. at 415.

### B. Officer Schoof Is Not Subject to Specific Jurisdiction in Arizona.

A court may exercise specific jurisdiction over a defendant when the cause of action arises directly from the defendant's contacts with the forum state. *Sher v. Johnson*, 911 F.2d 1357, 1361 (1990). The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under this three-part inquiry, specific jurisdiction exists only if: (1) the defendant *purposefully availed* itself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has effects in the forum; (2) the claim *arises out* of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it is *reasonable*. *Id.*; *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997)).

Under this three-step analysis, the Court finds that Officer Schoof is not subject to specific jurisdiction in Arizona. There are no facts suggesting that Officer Schoof purposely availed himself of jurisdiction in Arizona. Officer Schoof's drive across Arizona some thirty years ago does not establish the requisite minimum contacts in Arizona. Similarly, Officer Schoof's arrest and incarceration of Mr. Parillo in November of 2008 does not arise out any activity related to Arizona. That action took place in Indiana. The Court, therefore, lacks specific personal jurisdiction over Officer Schoof.

1  **II.    The Court Will Not Transfer of this Matter to Another Jurisdiction.**

Under 28 U.S.C. § 1631, a district court that lacks personal jurisdiction over an action "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." According to the Ninth Circuit, this requires the district court to "'consider whether the action would have been timely if it had been filed in the proper forum on the date filed, and if so, whether a transfer would be 'in the interest of justice.'" *Hays v. Postmaster General of United States*, 868 F.2d 328, 331 (9th Cir. 1989) (quoting *Taylor v. Social Sec. Admin.*, 842 F.2d 232, 233 (9th Cir. 1988)).

While this action could have been filed in the Northern District of Indiana, the Court finds that transfer of this case to that district or any other is not in the interest of justice. It appears that Mr. Parillo filed this action in Arizona to avoid a paying a sanction imposed by the Seventh Circuit Court of Appeals. (*See* Dkt. # 10, Ex. B at 4.) According to the Seventh Circuit, Mr. Parillo has filed several frivolous lawsuits and has been sanctioned in the amount of $5,000. (*Id.*) That court has further barred Mr. Parillo from filing any subsequent lawsuits in the District of Indiana until those sanctions are paid. (*Id.*) Accordingly, transferring this case to Indiana could have the effect of allowing Mr. Parillo to circumvent the Seventh Circuit's sanction. *See King v. Russell*, 963 F.2d 1301, 1304–05 (9th Cir. 1992) (holding that the interests of justice are not served by transferring a claim to a jurisdiction that the plaintiff purposefully sought to avoid).

Furthermore, Mr. Parillo will not be left without a remedy. Should he choose to pursue his claims against Officer Schoof, he can pay the Seventh Circuit's sanction and file his Complaint in the North District of Indiana. In addition, there is no indication that any of Mr. Parillo's claims will be time-barred if he promptly pays the sanction and refiles his claims.

**IT IS THEREFORE ORDERED** that Officer Schoof's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt # 10) is **GRANTED**.

1     **IT IS FURTHER ORDERED** that Mr. Parillo's Complaint is **DISMISSED** without prejudice. The Clerk of Court is directed to **TERMINATE** this action.

DATED this 16th Day of June 2010.

*H. Murray Snow*
G. Murray Snow
United States District Judge